IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-134 |
| v. | (JUDGE CAPUTO) |
| PATTERSON-UTI DRILLING COMPANY LLC, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Patterson-UTI Drilling Company's ("Patterson") Motion to Enforce Settlement Agreement (Doc. 31). This case arises out of Patterson's alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. §§ 951 *et seq*. Because it is not clear that Williams agreed to all material terms of the settlement agreement, the Court will conduct an evidentiary hearing prior to ruling on Patterson's motion.

**BACKGROUND**

On May 12, 2012, this case was referred to court-annexed mediation and Joseph A. Barrett was appointed as a mediator. (Doc. 10.) On August 8, 2012, after mediation occurred, Barrett indicated in a letter to the Court that "[t]he matter is resolved, and the parties respectfully request that you issue a 60-day settlement order." (Doc. 16.) Accordingly, the Court issued an order the following day dismissing the case "without costs and without prejudice to the right of any party, upon good cause shown, to reinstate the action within sixty days (60) days of the date of the Order if settlement is not consummated." (Doc. 17.) After mediation, counsel for Patterson, Philip K. Kontul,

sent a draft of a settlement agreement to Williams' attorney, Ronald Surkin. (Doc. 31, ¶ 6.) In response to receiving the draft, Surkin replied: "Phil: your draft is fine. I will forward it to Williams for signature." (Doc. 31, Ex. B). In a second email, following up on this initial email exchange, Surkin wrote: "[w]e spoke to [Williams] last week and he said he was signing and mailing it back. Have not received it yet." (Doc. 31, Ex. C.)

On April 25, 2013, Williams filed a Second Motion to Reinstate Action (Doc. 25), which the Court granted on June 13, 2013.[1] In granting Williams' motion, the Court explained that "[b]ased on Williams' representations, the Court finds that he did not agree to all terms of the August 2012 proposed settlement agreement or endorse it." (Doc. 31, 2.)

## DISCUSSION

Settlement agreements are essentially contracts, and basic contract principles apply to their interpretation. *See Williams v. Metzler*, 132 F.3d 937, 946 (3d Cir.1997), *In re Cendant Corp. Prides Litig.*, 233 F. 3d 188, 193 (3d Cir. 2000). "It is by now axiomatic under Pennsylvania law that 'the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced.'" *Cal. Sun Tanning USA v. Electric Beach, Inc.*, 369 Fed. Appx. 340, 346 (citing *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir.1986)). "'If all of the material terms of a bargain are agreed upon, the settlement agreement will be enforced. If, however, there exist ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce, such an agreement must be set aside.'" *Id.* at 347 (citing *Mazzella v. Koken*, 559 Pa. 216, 739 A.2d 531, 536 (1999)).

---

[1] Williams' initial Motion to Reinstate Action (Doc. 18-19) did not conform to Local Rules and was therefore deemed withdrawn. (Doc. 24.)

In its motion to enforce settlement agreement, Patterson argues that "the parties reached a contractual agreement as to the material terms of their settlement and Plaintiff may not subsequently 'change his mind' and repudiate the Agreement as a matter of law." (Doc. 31, 4.) In support of this assertion, Patterson attached a copy of the letter from mediator Joseph A. Barrett to the Court, stating that "[t]he matter is resolved." (Doc. 31, Ex. A.) Patterson also attaches copies of the email correspondence between Surkin and Kontul. (Doc. 31, Exs. B, C.)

Without more information, the Court cannot determine whether Williams agreed to or endorsed all essential terms of the proposed settlement agreement at the mediation. Patterson indicates that "to the extent that the Court desires to review a copy of the Confidential Settlement Agreement and General Release, Patterson-UTI is willing to file the Agreement under seal or provide a copy to the Court for its *in camera* review." (Doc. 35, 3 n. 3.) However, this information alone will not allow the Court to resolve the underlying issue of whether Williams agreed to or intended to be bound by the material terms stated in that draft. "Where material facts concerning the *existence or terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Saudi Basic Industries Corp. v. Exxon Corp.*, 364 F. 3d 106, 113 (3d Cir. 2004) (citations omitted). Because the Court cannot determine whether Williams agreed to or endorsed all material terms of the proposed settlement, the Court will hold an evidentiary hearing before ruling on Patterson's motion to enforce settlement agreement.

An appropriate order follows.

September 17, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge